Hedrick v. Stohl.

HEDRICK, *Appellant*, v. STOHL.

DIVISION ONE.

1. **Land:** UNITED STATES PATENT: DELIVERY. A United States patent will not pass title without actual delivery to the grantee where it has not been recorded in the general land-office.

2. —— : WITHDRAWAL OF ENTRY. An application to the general land-office to withdraw an entry of land, and the direction of the department to grant the request, do not of themselves constitute a withdrawal; there must be some further act on the part of the applicant showing his intention to avail himself of the right to cancel the entry.

3. The **Evidence** in this Case *held* not to show, as a matter of law, that the applicant withdrew or changed his entry.

*Appeal from Ray Circuit Court.* — HON. J. M. SANDUSKY, Judge.

AFFIRMED.

*A. C. Widdicombe* for appellant.

(1) The record in the land-office touching the tract in controversy was made up according to law; the plaintiff had a right to rely upon it, and the defendant is bound by it. (2) There was no evidence to sustain the verdict in this case. Plaintiff's patent conveyed to him the legal title, and there was no evidence to overthrow it. The court will in such case reverse the judgment. *Gaines v. Ins. Co.*, 50 Mo. 44 ; *Hearne v. Keath,*

63 Mo. 84. (3) It was the duty of the court to determine whether these documents were sufficient to show that the McDonald entry was withdrawn, changed or canceled. It should not have left the matter to the jury. The peremptory instruction asked by the plaintiff, directing the jury to find in his favor, should have been given. 1 Thompson on Trials, sec. 1071; *Waddell v. Williams*, 50 Mo. 216; *Wills v. Dryden*, 52 Mo. 319; *Ackley v. Staehlin*, 56 Mo. 479–558.

*C. T. Garner & Son* and *T. N. Lavelock* for respondent.

(1) In an action of ejectment the plaintiff must recover on the strength of his title, and ejectment can be maintained only upon a legal title existing at the time the action is commenced. *Dunlap v. Henry*, 76 Mo. 106; *Norfleet v. Russell*, 64 Mo. 176; *Ford v. Frandi*, 72 Mo. 250. (2) The affidavit of McDonald did not entitle him to a change of entry. R. S. of U. S., sec. 2369. (3) The secretary did not assume to change the entry, but only directed that McDonald be permitted to withdraw it, and apply the money in payment of other land. (4) The entry vested title in McDonald, which could only be divested by an actual change made according to law. (5) The cash certificate issued to McDonald vested in him the equitable title to the land in dispute. *Carroll v. Safford*, 3 How. 460; *Stark v. Starrs*, 6 Wall. 402; *Barney v. Dolph*, 97 U. S. 652; *Writh v. Branson*, 98 U. S. 121; *Smith v. Ewing*, 23 Fed. Rep. 271, and cases cited. (6) After the issuance of patent the general land department has no power to cancel certificate. *Perry v. Hanlon*, 11 Mo. 585; *Moore v. Robbins*, 66 U. S. 538; *United States v. Shurtz*, 102 U. S. 378. (7) A record made according to law cannot be contradicted by notations on the margin thereof, unless shown to have been made by one having authority. *Branson v. Writh*, 17 Wall.

32. (8) The entry of McDonald withdrew this partic-
ular tract of land from the market. R. S. of U. S.,
secs. 2259 and 2260; *Simmons v. Waggner*, 101 U. S.
260. (9) The plaintiff had notice of the McDonald
entry and purchased subject to all the rights and
equities held under it.

BLACK, J.—This is an action of ejectment for the
east half of northeast quarter of section 36, township 52,
range 27, in Ray county. Plaintiff Hedrick entered the
land through his agent, Mr. Widdicombe, at the local
land-office at Boonville on the twenty-third of January,
1885, and a patent was issued to him therefor, dated the
thirteenth of October, 1886.

The defendant claims title under a cash entry made
by Jeremiah McDonald at the local land-office at Lex-
ington on the twenty-second of November, 1830; a deed
from McDonald to one Phillips, made six years after the
date of that entry; and a regular chain of title deeds
from Phillips to her husband, now deceased. The
defendant and her husband had been in actual posses-
sion of the land for sixteen or seventeen years before
the commencement of this suit, and had made perma-
nent improvements thereon. The defendant, in addi-
tion to a general denial, set up the foregoing facts as a
defense, with the further allegation that plaintiff made
his entry with full knowledge of the fact, that the
United States had before sold the land to McDonald.

The plaintiff does not controvert the fact that
McDonald purchased and paid for the land at the local
land-office on the twenty-second of November, 1830, but
his claim is that McDonald applied for and was granted
leave to and did withdraw his entry, and that the regis-
ter's certificate was duly canceled.

It is deemed unnecessary to speak in detail of the
instructions given and refused; for the only claim made
by the plaintiff in this court is, that the trial court
should, on the evidence produced, have declared as a

matter of law that the McDonald entry was withdrawn and duly canceled.

The Lexington office and several other local offices were consolidated in the Boonville office subsequent to date of this entry by McDonald, and prior to the date of the entry made by the plaintiff. The deposition of Mr. Wright, taken by the defendant, shows that he was appointed register after plaintiff made his entry; that there are two books in the office, one called the plat book and the other the tract book, that cash number 42,580 is noted on the plat book on the space representing the land in suit; that this is the number of the receiver's receipt and register's certificate, and refers to the tract book, which shows the entry of the land by the plaintiff Hedrick on the twenty-third of January, 1885. He says this number on the plat book plainly appears to have been written over an erasure.

On cross-examination the witness stated that there was no evidence whatever of an erasure on that part of the tract book containing the entries relating to section 36, township 52, range 27, being the section in which the land in dispute is located, and that there was no evidence on the tract book to show that the land in dispute had been entered prior to the entry by Hedrick.

The defendant also read in evidence an exemplified copy from the general land-office at Washington of a certificate issued by the register of the local office at Lexington, showing that McDonald purchased and paid for the land in question on the twenty-second of November, 1830, and was entitled to a patent on presentation of the certificate to the commissioner of the general land-office. The word "canceled" appears on the lower margin of the certified copy.

The plaintiff in rebuttal put in evidence copies of the following documents found at the general land-office: *First.* An application of McDonald sworn to before the register and receiver of the Lexington office,

dated the twenty-sixth of May, 1831, in which he states that he entered the land in suit by mistake; that he intended to enter the east half of the northeast quarter of section 36, township 53, range 28, and the prayer of the application is that the error may be corrected and liberty given him to apply his money to other lands. The last-named tract, it may be stated here, was entered by McDonald on the eleventh of December, 1830, and is in a different township and range from the land in suit. *Second.* A letter from the register and receiver to the commissioner of the general land-office, dated the twenty-sixth of May, 1831, inclosing the foregoing application and an additional affidavit. *Third.* A letter from the commissioner to the register and receiver of the Lexington office, dated the seventh of April, 1832, in which he says: "The secretary of the treasury has decided that Jeremiah McDonald is entitled to a change in his entry of the east half of the northeast quarter of section 36, township 52, of range 27 (certificate number 1624), under the act of third of March, 1819. In pursuance of this decision, you will permit Mr. McDonald to withdraw said entry, and to apply the money paid thereon, as the law directs." *Fourth.* A copy of so much of the tract book at the general land-office as relates to the land in question, showing that McDonald entered the land on the twenty-second of November, 1830, the price paid, number of receipt and certificate of purchase, and stating that a patent was issued to McDonald on the first of June, 1831, but the spaces intended to show the book and page where the patent was recorded are blank. On the margin is this note: "Certificate canceled; change of entry authorized. See letter dated April 7, 1832." *Fifth.* A copy of the register's report to the general land-office for the month of November, 1830, which again shows the purchase of the land in question by McDonald, on which there is written: "Certificate number 1624 canceled. See letter from G. L. O., dated

April 7, 1832.'' *Sixth.* A book from the recorder's office of Ray county, made and certified at the Boonville land-office in 1867, professing to show all entries at that date, from which the land in suit does not appear to have been sold at that time. The other evidence will be noticed hereafter.

1. We shall first notice a matter urged in defendant's brief. The claim is that a patent was issued to McDonald on the first of June, 1831, which was a year and over before the secretary of the treasury gave McDonald permission to withdraw his entry, and that, the legal title having been vested in McDonald, it could not be divested by any act of the land-office officials.

The doctrine was declared in *United States v. Schurz,* 102 U. S. 379, and followed by this court in *Hammond v. Johnson,* 93 Mo. 220, that a United States patent passes the title by matter of record, and when signed by the president, sealed with the seal of the general land-office, countersigned and recorded in the books kept for that purpose, it needs no further authentication and p asses the title without delivery. Indeed, the act of congress of May 24, 1828 (1 Public Land Laws, 466), relating to the correction of errors in entries where a patent has been issued, requires a surrender of the patent and a relinquishment of title by the patentee as a condition precedent to the correction of the erroneous entry. If, therefore, a patent was issued to McDonald, there is nothing to show that he relinquished the title thus acquired. But neither party put in evidence any patent to McDonald. The only evidence having any tendency to show that a patent was issued is the copy of the tract book at the general land-office. That book is made up from the reports of the register of the local office, so far as it shows who entered the particular tract, the date of the entry, and the number of the certificate of purchase. This copy does state ·that a patent was issued to Jeremiah McDonald on June 1, 1831, but it does not

appear that the patent was ever recorded. According to the case just cited, one element of a patent duly issued is that it must be recorded in the book kept for that purpose at the general land-office. This element is not disclosed even by the secondary evidence found in the record before us. This case cannot, therefore, be determined on the theory that a patent was issued to McDonald.

2. That McDonald purchased and paid for the land in suit at the Lexington office on the twenty-second of November, 1830, and that the register issued and forwarded to the general land-office a certificate of purchase, are facts about which there can be no dispute. The question then is, did McDonald change or withdraw that entry? More exactly stated, should the court have declared, as a matter of law, that he did change or withdraw the entry?

From the evidence before recited it will be seen he made application to correct the entry on the twenty-sixth of May, 1831, by applying the money to the purchase of other lands. The secretary of the treasury granted him the liberty to change the entry on the first of March, 1832, the change to be made under the act of March 3, 1819; and pursuant to that decision the commissioner directed the register and receiver, on the seventh of April, 1832, to "permit Mr. McDonald to withdraw said entry, and to apply the money paid thereon, as the law directs." The act of March 3, 1819, after specifying the errors which may be corrected and requiring the register and receiver to take the evidence and report the same to the secretary of the treasury provides, "who shall have power to direct, if in his opinion it shall be proper, that the purchaser shall be at liberty to withdraw the entry so erroneously made, and that the moneys which had been paid shall be applied in the purchase of other lands in the same district or credited in payment of other lands purchased at the same office."

Now, it does not follow that McDonald withdrew his entry because he applied for leave to withdraw the same and the request was granted. The act just quoted gives the secretary of the treasury power to direct that the purchaser shall be at liberty to withdraw the entry. This language shows clearly that some further act on the part of the purchaser is required in order to complete a withdrawal. The instructions communicated to the register and receiver by the commissioner are in perfect accord with this construction of the law; for he says, "you will permit McDonald to withdraw the entry and apply the money paid thereon as the law directs." The fact, therefore, that the prayer of McDonald's application was granted, furnishes no conclusive evidence that he availed himself of the liberty given; nor had the officers at the general land-office any right to cancel his certificate without some further act on his part.

Now the evidence claimed by the plaintiff to show conclusively that McDonald did withdraw his entry is the word "canceled," found written upon the margin of the certificate of purchase, and the memoranda to the same effect, referring to the commissioner's letter of date April 7, 1832, found upon the tract book at the general land-office, and upon the register's monthly report. Those memoranda were doubtless made at or after the date of that letter; but to be of any force or effect it must appear that they were made in conformity to an actual withdrawal of the entry by McDonald after the date of that letter. Without such proof they amount to nothing; for, as before said, the granting of the prayer of the petition to withdraw the entry did not operate as a withdrawal, nor did it alone authorize any officer to cancel the certificate.

We then come to the question whether McDonald applied the money paid in the purchase of the land in question to the purchase of other property. It cannot be said he applied it in payment of the tract which

he said he intended to enter, for the proof shows that he entered that tract by a full cash payment long before he applied for a withdrawal of the entry of the land in suit. Indeed, he did not ask to have the money applied to the purchase of any particular tract. It does appear from the evidence of a clerk at the general land-office that McDonald made twenty or thirty different entries, the larger portion of which were made after 1832; but he says in his examination of the tract book and certificates of purchase he did not find any mention made of a change of entry from the land in question. Had McDonald used the money in the purchase of other land, then, as we understand the rules of the general land-office, it would have been the duty of the receiver to have taken his receipt therefor, and reported the same in his monthly and quarterly accounts. Circular, number 3682; Public Land Laws, 429–434. Neither party saw fit to produce these accounts in evidence.

The book found in the recorder's office of Ray county made out and certified at the Boonville land-office, and professing to show all entries made prior to the second of August, 1867, would seem to furnish some evidence that this land had not been entered at that date; but this evidence is weakened by the other evidence to the effect that the Lexington office tract book, transferred to the Boonville office, never did show this entry made by McDonald. McDonald purchased and paid for the land, and received the proper evidence of that purchase, and did all that he was required to do in preserving the evidence thereof, so that he and his grantees have the prior right until it is made to appear that he in fact withdrew his entry.

As the case now stands there is no evidence from which the trial court could, as a matter of law, declare that McDonald withdrew or changed his entry of the land in question. The judgment is, therefore, affirmed. All concur.